**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL COPELAND, | : | Civil No. 1:22-CV-01140 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CO KLINE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Michael Copeland ("Plaintiff") is a self-represented individual currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). Plaintiff initiated this action in July 2022 against Defendants Correctional Officer Kline ("Kline"), Correctional Officer Williams ("Williams"), an unnamed Lieutenant at SCI-Camp Hill ("John Doe #1"), an unnamed Captain at SCI-Camp Hill ("John Doe #2"), and SCI-Camp Hill, alleging violations of the First, Eighth and Fourteenth Amendments and negligence. (Doc. 1.) Defendant Kline has filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 12.) For the following reasons, the court will grant Defendant Kline's motion in part and dismiss the constitutional claims raised against him without prejudice. The court will not rule on the issue of the supplemental jurisdiction over Plaintiff's negligence claims at this time, and will allow Plaintiff an opportunity to file an amended complaint.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a complaint in July of 2022, along with a motion seeking leave to proceed in this action *in forma pauperis*.  (Docs. 1, 1-1, 6.)  The complaint alleges that on April 28, 2022, while he was housed on LC Block Cell 48, Defendants Kline and Williams came into his cell for a cell search.  (Doc. 1-1, p. 3.)[1]  He alleges that during the cell search, Defendants Kline and Williams took possession of his personal property and placed it in a clear trash bag.  (*Id*.)  He asked Defendant Kline "why are you placing my personal property in that trash[ ]bag?"  (*Id*.)  To which, Plaintiff alleges, Defendant Kline stated "[s]ince you like filing grievances on staff, we gonna take your stuff and say its contraband, you will learn not to fuck with Camphill."  (*Id*.)  Plaintiff alleges that he asked what kind of search this was, and Defendant Williams stated that "it was an investigated one due to the fact we are going to placed drugs in here."  (*Id*.)  Plaintiff further alleges that he asked if he would receive a DC-154A Confiscated Item Receipt, and Defendant Kline stated, "most likely or not."  (*Id*.)  He then alleges that Defendants Kline and Williams exited his cell with the trash bag of his personal property.  (*Id*.)

Plaintiff alleges that after taking inventory of the remaining property in his cell, the trash bag contained trial transcripts, notes of testimony, notes of

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

discovery, post-trial discovery, and copies of case law that Plaintiff paid for related to his criminal case.  (*Id*., p. 4.)

He alleges that he sent a request to staff member slip to Defendant John Doe #1 and filed a grievance against Defendants Kline and Williams.  (*Id*.)  He alleges that he has not received the requested DC-154A form.  (*Id*.)  He alleges that he spoke with John Doe #2 about his legal documents being confiscated and not receiving a DC-154A form, and John Doe #2 stated "[w]hat proof do you have that any officers took anything[g?]  You think that we that dumb to put anything on paper?  It isn't fun when Camp Hill got the gun."  (*Id*., p. 5.)

Plaintiff alleges his property was not returned and he was not compensated for the confiscated property.  (*Id*.)  Plaintiff alleges that "Defendants ha[ve] a[n] unwritten policy practice and custom to use retaliatory measures against inmates that file grievances and complaints against them."  (*Id*.)  Plaintiff brings negligence claims under state law against Defendants Kline, Williams and SCI-Camp Hill, First Amendment retaliation claims against Defendants Kline and Williams, Eighth Amendment cruel and unusual punishment claims against Defendant SCI-Camp Hill, and claims of a conspiracy against all Defendants.  (*Id*., pp. 5–7.)

On August 29, 2022, this court granted the motion to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(Doc. 8.)  The court dismissed all claims against SCI-Camp Hill with prejudice and directed the Clerk of Court to serve the remaining Defendants.  (*Id*.)

### JURISDICTION

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States and supplemental jurisdiction over the state law tort claims pursuant to 28 U.S.C. § 1367.

### VENUE

Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Camp Hill, located in Cumberland County, Pennsylvania, which is in this district. See 28 U.S.C. § 118(b).

### STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting

*Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014).  A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

**DISCUSSION**

Plaintiff's claims against Defendant Kline include claims of First Amendment retaliation, conspiracy, and negligence.  The court will dismiss these claims without prejudice for failing to state a claim upon which relief can be granted.

### A. The First Amendment Retaliation Claim Against Defendant Kline Will Be Dismissed Without Prejudice.

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts.  *Fantone*, 780 F.3d at 191.  A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment.  *Fantone*, 780 F.3d at 191.

Here, Plaintiff has failed to allege that he was engaged in any constitutionally protected conduct at the time of the offense.  There are no allegations that he had filed a grievance against Defendant Kline or any other staff member at SCI-Camp Hill prior to the alleged confiscation of Plaintiff's property.

6

(Doc. 1-1.)  This failure to plead that any grievances were filed against Defendant

Kline by Plaintiff also affects the third element of retaliation claims as this court

has repeatedly refused to find a causal connection when the alleged perpetrator of

the retaliatory activity was not the subject of the constitutionally protected activity.

*See Calloway v. Bauman*, No. 2:20-cv-2337, 2022 WL 4357468, at *9 (M.D. Pa.

Sep. 20, 2022) *citing Victor v. Lawler*, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3,

2010), *aff'd*, 565 F. App'x 126 (3d Cir. 2014); *also citing Evans v. Rozum*, 2009

WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why

[the moving defendants] would want to retaliate against Plaintiff for filing a

lawsuit against others."); *also citing Royster v. Beard*, 308 F. App'x 576, 579 (3d

Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim

that he was retaliated against by a defendant who was not the target of his

protected activity).  Therefore, the claim of retaliation against Defendant Kline will

be dismissed without prejudice.

### B. The Conspiracy Claims Against Defendant Kline Will Be Dismissed Without Prejudice.

There are three elements to a conspiracy claim under 42 U.S.C. § 1983:

(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act 'under the color of state law.

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n. 15 (3d Cir. 2018) (internal citations omitted)).

After a plaintiff establishes that the object of the conspiracy was the deprivation of a federally protected right, he "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)).  In the absence of direct proof, a plaintiff may rely on circumstantial evidence from which a factfinder can infer a "meeting of the minds" or an "understanding or agreement to conspire." *Jutrowski, 904 F.3d at 294 n. 17.*

Here, Plaintiff makes a general assertion of conspiracy: "Defendants Kline, Williams, Jon Doe #1, John Does #2 and SCI-Camp Hill actions of coming together to violate Plaintiff's constitutional rights by retaliating against him by confiscating his property and not returning it constitutes an § 1983 civil conspiracy claim." (Doc. 1-1, p. 7.)  This general assertion fails to meet the required factual basis for agreement and concerted action.  Therefore, this claim will be dismissed without prejudice.

### C. The Negligence Claim Against Defendant Kline Will Be Not Be Dismissed at This Time.

Defendant Kline does not allege that Plaintiff has failed to state a claim of negligence, but asserts that without the First Amendment Retaliation claim and conspiracy claim, the court no longer has jurisdiction over the state law tort claim. (Doc. 13, p. 16.) Defendant is correct that the court may decline to exercise supplement jurisdiction when it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

However, Defendant Kline is the sole defendant who has been served in this action. (Docs. 24.) This is because Plaintiff has failed to name defendants that can be identified at SCI-Camp Hill as it includes two John Doe defendants that he has failed to update the names during the course of this action, and the Superintendent's Assistant, Tonya Heist, has stated that there was no correctional officer with the surname Williams employed at SCI-Camp Hill on April 28, 2022. (Doc. 23-1, p. 2.) Therefore, there are additional claims that this court retains original jurisdiction over that are still pending. To resolve these additional claims, the court will grant Plaintiff leave to timely amend his complaint to both cure the defects of the above claims against Defendant Kline and to identify the remaining three defendants. In doing so, the court will give Plaintiff a limited period in which to identify the remaining defendants in an attempt to have them served. If he fails to identify defendants to the extent they can be served, the court will

dismiss the claims pursuant to Fed. R. Civ. P. 4(m) and make a determination regarding supplement jurisdiction of the remaining negligence claim at that time.

## CONCLUSION

For the foregoing reasons, Defendant Kline's motion to dismiss will be granted in part. The First Amendment retaliation claim and the conspiracy claim will be dismissed without prejudice. The court will deny Defendant Kline's request that the court refuse to exercise supplemental jurisdiction over the negligence claim at this time because there are pending claims over which the court hass original jurisdiction. However, these claims are against Defendants that have not yet been identified sufficiently to serve. Therefore, the court will grant Plaintiff leave to amend his complaint. In doing so, Plaintiff must clearly label the document as his amended complaint and use the docket number assigned to this case. Furthermore, he is cautioned that any amended pleading filed with the court replaces all prior pleadings filed with the court. Therefore, Plaintiff must replead all remaining claims against Defendants, including those that were not dismissed by the court. Should Plaintiff fail to timely file an amended complaint and identify the remaining three defendants, the court will dismiss the three unserved defendants and rule on the supplement jurisdiction of the negligence claim.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated:  June 29, 2023