IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL COPELAND, | : | Civil No. 1:22-CV-01140 |
| Plaintiff, | : | |
| v. | : | |
| C.O. KLINE, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is Plaintiff Michael Copeland's amended complaint. (Doc. 32.) This amended complaint names two additional defendants: Lt. Dickie ("Dickie") and Capt. Baptist ("Baptist"). (*Id.*) Plaintiff is a self-represented litigant and has been granted leave to proceed *in forma pauperis*. (Doc. 9.) The court now screens the amended complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

### BACKGROUND

Plaintiff filed a complaint in July of 2022 against five defendants: (1) C.O. Kline ("Kline"); (2) C.O. Williams ("Williams"); (3) John Doe #1; (4) John Doe #2; and (5) State Correctional Institution Camp Hill ("SCI-Camp Hill"). (Docs. 1, 1-1.) Plaintiff also filed a motion seeking leave to proceed in this action *in forma pauperis*. (Doc. 6.) On August 29, 2022, this court granted the motion to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. §

1

1915(e)(2)(B)(ii).  (Doc. 8.)  The court dismissed all claims against SCI-Camp Hill with prejudice and directed the Clerk of Court to serve the remaining Defendants.  (*Id.*)  Defendants Williams, John Doe #1 and John Doe #2 were unable to be served due to Plaintiff not supplying enough information for the individuals to be identified.  (Docs. 23, 23-1, 24.)

Defendant Kline filed a motion to dismiss the complaint on October 27, 2022.  (Doc. 12.)  Following briefing, the court entered an order granting the motion to dismiss in part and instructing Plaintiff to file an amended complaint within thirty-days or the court would enter an order granting the motion to dismiss in its entirety and close the case.  (Docs. 25, 26.)  Plaintiff failed to timely file an amended complaint, and the court entered an order dismissing the complaint in its entirety and closing the case on August 11, 2023.  (Doc. 27.)  The court received a letter from Plaintiff on August 29, 2023 requesting that he be granted more time to file an amended complaint.  (Docs. 28, 29.)  The court granted the motion, vacated the earlier order closing the case and gave Plaintiff an additional thirty days to file an amended complaint.  (Doc. 30.)  Additionally, the court required Plaintiff to identify Defendants Williams, John Doe #1, and John Doe #2 sufficiently to complete service.  (*Id.*)

The court received Plaintiff's amended complaint on September 26, 2023.  (Doc. 32.)  This amended complaint names five defendants: (1) Kline; (2)

Williams; (3) Dickie; (4) Baptist; and (5) SCI-Camp Hill. (*Id.*, pp. 1–2.)[1] Plaintiff states that all Defendants are being sued "in both of their capacities", which the court construes as both official and personal capacities. (*Id.*, p. 2.)

    The amended complaint alleges that on April 28, 2022, while Plaintiff was housed on the LB-Block, cell 48, Defendants Kline and Williams came to his cell for a cell search. (*Id.*, p. 2.) During this cell search, Defendants Kline and Williams took possession of Plaintiff's personal property and placed the items in a clear trash bag. (*Id.*) Plaintiff asked Defendant Kline whey he was placing his personal property in a trash bag, and Defendant Kline stated that "since you like filing grievances on staff we gonna take your stuff and say its contraband, you will learn not to f-ck with Camp Hill." (*Id.*, p. 3.) Plaintiff alleges that he asked what kind of search it was, and Defendant Williams stated that it was an investigative search, and they were looking for drugs. (*Id.*) Plaintiff alleges that he asked to speak to a sergeant or lieutenant and Defendant Williams responded with "Who[se] side do you think they are on?" (*Id.*) Plaintiff alleges that he requested a confiscation item receipt form, and Defendant Kline stated he would "most likely or not" receive one and exited the cell with the bag of Plaintiff's personal property. (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Following the search, Plaintiff returned to his cell and went through his property. He concluded that several documents pertaining to litigation and criminal legal matters were missing. (*Id.*) Plaintiff alleges that on April 28, 2022 he sent a request to staff member slip to Defendant Dickie because he is the security lieutenant and is responsible for the everyday security concerns of the SCI-Camp Hill. He also filed an inmate grievance against Defendants Kline, Williams, and the security department at SCI-Camp Hill. (*Id.*) Plaintiff states that he has not received the confiscation item receipt form, and he has received a response to one of the two grievances he filed. (*Id.*, p. 4.) Plaintiff alleges that he has not received the confiscated property back. (*Id.*) Plaintiff alleges that he spoke to Defendant Baptist about the legal documents being confiscated and not receiving a confiscation slip, and Defendant Baptist stated "What proof do you have that my officers took anything, you think that we that dumb to put anything on paper? It isn't fun when Camp Hill got the gun." (*Id.*)

Plaintiff brings a state law negligence claim against Defendants Kline and Williams, a First Amendment retaliation claim against Defendants Kline and Williams, a state law negligence claim against Defendant SCI-Camp Hill, an Eighth Amendment cruel and unusual punishment claim against SCI-Camp Hill, and a 42 U.S.C. § 1983 conspiracy claim against Defendants Kline, Williams, Dickie, Baptist, and SCI-Camp Hill. (*Id.*, pp. 5–6.)

The court will now screen this amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-

represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

### A. All Section 1983 Claims Against Defendant SCI-Camp Hill Have Been Dismissed with Prejudice.

The court has previously dismissed all claims against SCI-Camp Hill as not a proper defendant in 42 U.S.C. § 1983 cases:

> To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, it is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit. *Hafer v. Melo*, 502 U.S. 21, 25–27 (1997). Similarly, neither a prison nor a department within a prison is a "person" subject to suit under § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir, 1973). Thus, SCI-Camp Hill is not a "person" and the claims against SCI-Camp Hill will be dismissed with prejudice.

(Doc. 8, pp. 3–4.) Therefore, Plaintiff cannot attempt to re-raise or bring new claims against SCI-Camp Hill in his amended complaint, and any Section 1983 claims raised against SCI-Camp Hill will be dismissed with prejudice.

## B. All First Amendment Retaliation Claims Will be Dismissed with Prejudice.

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts. *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015). A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment. *Fantone*, 780 F.3d at 191.

Here, Plaintiff alleges that Defendants Kline and Williams took his possessions because he "filed grievances and complaints against other staff members." (Doc. 32, p. 5.) Plaintiff has failed to plead that he filed any grievances against Defendants Kline or Williams. This affects the third element of retaliation claims. This court has repeatedly refused to find a causal connection when the alleged perpetrator of the retaliatory activity was not the subject of the constitutionally protected activity. *See Calloway v. Bauman*, No. 2:20-cv-2337, 2022 WL 4357468, at *9 (M.D. Pa. Sep. 20, 2022) *citing Victor v. Lawler*, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010), *aff'd*, 565 F. App'x 126 (3d Cir.

7

2014); *also citing Evans v. Rozum*, 2009 WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) ("There is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others."); *also citing Royster v. Beard*, 308 F. App'x 576, 579 (3d Cir. 2009) (affirming summary judgment in favor of defendant on plaintiff's claim that he was retaliated against by a defendant who was not the target of his protected activity).

Therefore, the First Amendment claim of retaliation raised against Defendants Kline and Williams will be dismissed. This casual connection requirement was set forth in the court's memorandum dismissing the First Amendment retaliation claim in the initial complaint. (Doc. 25, p. 7.) Since Plaintiff was aware of this requirement and failed to cure the defect after being provided an opportunity to do so, the court will dismiss the First Amendment claim against Defendants Kline and Williams with prejudice.

### C. The Conspiracy Claim Against Defendants Kline, Williams, Dickie, and Baptist Will Be Dismissed With Prejudice.

There are three elements to a conspiracy claim under 42 U.S.C. § 1983:

(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act 'under the color of state law.

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n. 15 (3d Cir. 2018) (internal citations omitted)).

After a plaintiff establishes that the object of the conspiracy was the deprivation of a federally protected right, he "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). In the absence of direct proof, a plaintiff may rely on circumstantial evidence from which a factfinder can infer a "meeting of the minds" or an "understanding or agreement to conspire." *Jutrowski,* 904 F.3d at 294 n. 17.

Here, Plaintiff makes a general assertion of conspiracy: "Defendants Kline/Williams, Lt. Dickie, Capt. Baptist, and SCI-Camp Hill actions of coming together to violate Plaintiff[']s constitutional rights by retaliating against him by confiscating his property and not rerunning it constitutes an 1983 civil conspiracy claim." (Doc. 32, p. 6.) This general assertion fails to meet the required factual basis for agreement and concerted action. Therefore, this claim will be dismissed.

Again, Plaintiff was made aware of the required factual basis for agreement and concerted action in the court's June 26, 2023 memorandum. (Doc. 25, pp. 7–8.) In his amended complaint, Plaintiff has failed to cure this defect. Therefore, the court will dismiss the conspiracy claim with prejudice.

### D. The Court Will Decline to Exercise Supplemental Jurisdiction in the State Law Negligence Claims.

The court may decline to exercise supplement jurisdiction when it has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Here, the court has dismissed all the claims brought under 42 U.S.C. § 1983 over which it has original jurisdiction. Therefore, the court will decline to exercise supplemental jurisdiction over the state law negligence claims and will dismiss them without prejudice to Plaintiff raising them in a court of proper jurisdiction.

## Conclusion

For the above stated reasons, the court will dismiss the amended complaint. Because Plaintiff was given an opportunity to cure the defects set forth above, and failed to do so, the court deems further opportunities to amend the complaint to be futile and will close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: October 2, 2023